

Joseph A. Farco, Esq.
7 Times Square, 21st Fl.
New York, NY  10036
T: 212-808-0700
F: 212-808-0844

*jfarco@norris-law.com*

March 14, 2024

**VIA ECF**

Honorable Philip M. Halpern
United States District Court Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    **CarbonCharge Technologies LLC v. Estate of Dino A. Favetta et al.**
              7:24-cv-00361-PMH

Dear Judge Halpern:

      This firm represents Marylou Talafous-Favetta ("Mrs. Favetta") and the Estate of Dino A. Favetta (the "Estate" of "Mr. Favetta") (collectively "Defendants") in the above-referenced action.  Pursuant to Rule 2(C) of your Honor's Individual Practices in Civil Cases, I submit this letter to request a pre-motion conference in connection with the Defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6), the bases for which are summarized below and are supported by the accompanying Declaration of Michael Favetta ("Favetta Decl."), the Declaration of Joseph A. Farco ("Farco Decl."), and exhibits attached to the same.

**Lack of Personal Jurisdiction**

      A cause of action arising under 35 U.S.C. § 256 requires proof that a person was erroneously named as an inventor on an issued patent.  In this case, the Complaint must allege that someone erroneously named Mr. Favetta as the inventor on U.S. Patent No. 9,478,324, ECF Dkt. No. 1-2, (the "'324 Patent") and U.S. Patent No. 10,121,563, ECF Dkt. No. 1-3 (the "'563 Patent") (collectively, the "Patents").  While the Complaint alleges that Mr. Favetta met with the other two co-inventors of the Patents prior to October 10, 2011 in New York, it fails to explain

Honorable Philip M. Halpern
March 14, 2024
Page 2

how those contacts relate, if at all, to the Patented technology as opposed to on-going work of Messrs. Dirk-Jans Rosse ("Rosse") and Mr. Favetta on other, unrelated projects with third parties.  See Farco Decl. Ex. A (Stevens Institute of Technology Project dated 9/30/2008-9/30/2012 citing publication naming Mr. Favetta and Rosse as co-authors).  Furthermore, the Complaint fails to allege that the act of misnaming of Mr. Favetta as a co-inventor took place in New York.  At best, Mr. Favetta signed the inventor declarations in New Jersey and Mr. Basam Nabulsi ("Nabulsi"), the patent attorney, filed those declarations while located at his firm's offices in Stamford, Connecticut.  See Favetta Decl. Ex. A.  No alleged inventorship errors took place in New York nor have any been alleged in the Complaint.

**Failure to State a Claim**

The critical question of inventorship is who conceived the subject matter of the claims. Ethicon, Inc. v. United States Surgical Corp., 135 F.3d 1456, 1460 (Fed. Cir. 1998).  While the Complaint only discusses inventorship vis-à-vis limitations in claim 1 in each of the '324 Patent and '563 Patent, no other claims or claim limitations are specifically discussed.  Plaintiff asserts that Complaint ¶¶ 60, 73, 75-76, and 81-82 satisfy its pleading obligations by generically referring to all claims in the Patents and alleging that Mr. Favetta did not contribute to any of them.  See Farco Decl. Ex. B (Mar. 8, 2024 Letter from Plaintiff pursuant to Individual Practices in Civil Cases 4.C.(i)-(ii)).  These barebones allegations are woefully inadequate to plead a claim of misjoinder under 35 U.S.C. §256 or entitlement to ownership of the Patents.

Plaintiff's cause of action must be dismissed because in an October 9, 2012 email sent the night before the filing of the '324 Patent, co-inventor James Slattery ("Slattery") admitted to Mr. Favetta that "it is not clear to me [Slattery] how the biochar helps improve the performance of the battery."  See Favetta Decl. Ex. B.  If Slattery did not understand how biochar improves battery performance, id., and the Complaint admits Rosse did not contribute anything to use of

biochar in a battery or ultra-high capacitor, *see* Complaint, ¶56, then *a fortiori*, Mr. Favetta must have (and in fact did) contribute the subject matter that Slattery did not understand to each of the Patents, such as, for example, the subject matter of Claim 10 of the '324 Patent and Claim 9 of the '563 Patent. *See* '324 Patent, Col. 20, lines 47-49 ("use of the net-shaped biochar wafers as an ultra-high capacitor or battery component."); '563 Patent, Col. 20, lines 21-23 ("using the end-product as an ultra-high capacitor or a battery component"). Without knowing how biochar "helps improve the performance of the battery," Slattery could not have conceived the limitations of claims 10 and 9 of the '324 Patent and '563 Patent, respectively, because he clearly did not have "a definite and permanent idea of the complete and operative invention [of using biochar as an ultra-high capacitor or a battery component], as it is hereafter to be applied in practice." *See* Ethicon, 135 F.3d at 1460. The Complaint cannot plead a claim for relief under §256.

**Laches And/or Equitable Estoppel Bars Plaintiff's Relief as to All Counts**

"Laches is an equitable defense that may bar an inventorship claim." Serdarevic v. Advanced Med. Optics., Inc., 532 F.3d 1352, 1358 (Fed. Cir. 2008). For laches, a defendant must establish that (1) the plaintiff's delay in filing a suit was "unreasonable and inexcusable"; and (2) the defendant suffered "material prejudice attributable to the delay." A.C. Aukerman v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc), *abrogated on other grounds by* SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, 137 S. Ct. 954 (2017). "A rebuttable presumption of laches attaches whenever more than six years passes from the time a purportedly omitted inventor knew or should have known of the issuance of the relevant patent." Lismont v. Alexander Binzel Corp., 813 F.3d 998, 1002 (Fed. Cir. 2016). Even if there is no presumption of laches, is a purported inventor relied on conduct of third parties confirming the inventorship determination to be correct and prejudice would result if that determination was negated, then equitable estoppel bars such improper inventorship allegations.

*See* Ferring B.V. v. Allergan, Inc., 253 F. Supp. 3d 708, 715-721 (S.D.N.Y. 2015). Classic forms of prejudice include the "inability to present a full and fair defense on the merits due to a loss of records, the death of a witness, or the unreliability of memories of long past events." *See* Aukerman, 960 F.2d at 1041-42. The defense of laches may be considered on a motion to dismiss. Ferring B.V. v. Allergan, Inc., 932 F. Supp. 2d 493, 502 (S.D.N.Y. 2013).

Here, the Complaint was filed seven years and two months after the issuance of the '324 Patent (October 25, 2016 to January 17, 2024), which triggers a presumption of laches as to Plaintiff's Counts I and III as a matter of law. *See* Lismont, 813 F.3d at 1002. As a result of Plaintiff's inexcusable delays, a material prejudice has resulted in the form of Mr. Favetta's death on January 10, 2023. Mr. Favetta is the most critical witness to the Defendants' case, the absence of whom forces Defendants to rely on recollections of conversations between others and Mr. Favetta that took place nearly **12** years ago.

And while the Complaint was filed five years and two months after the '563 Patent issued on November 6, 2018 (Dkt. No. 1-3 at 1) such that a presumption of laches does not attach under Lismont (although Defendants assert the law should be modified so that laches would arise under the facts of this case), equitable estoppel bars Counts I-III as to each of the Patents because Mr. Favetta relied on Rosse's and Slattery's failure to dispute his inventorship status in response to his communications with each of them as well as his belief that he could assign his rights and seek funding from third parties as an inventor. *See* Favetta Decl. Ex. C (January 25, 2013 Email from Dino Favetta to stating, *inter alia*, "Dino Favetta, co-inventor."); Ex. D (June 12, 2015 Email from Dino Favetta to Rosse, Slattery, and Bart Wolman) ("Technical leadership – Dino Favetta: inventor of 'phytocapacitor' application …"); Ex. E (November 12, 2015 Email from Dino Favetta to Rosse and Slattery) ("[W]e first wait for the final patent to be fully issued to the three of us, the original inventors and authors of the patent…."); Ex. H (February 11, 2016

Assignment from Dino Favetta to Michrinik Technologies LLC for application that became '324 Patent); Ex. G (November 13, 2016 Email from Dino Favetta to Rosse and Slattery) ("we are adding to this work that we did so far, and we are basing new claims and inventions on the old work and the old patent… ."); Ex. H (August 19, 2018 Email from Dino Favetta to Slattery) ("I am rushing to build an assembly line, get biomass supply-chains in place, and fine tune the manufacturing processes to be profitable."); Ferring, 253 F. Supp. 3d at 719 ("Reliance can be demonstrated through evidence of activities premised on the patent's validity, such as preparing a business plan and making capital investments.")

Plaintiff has no reasonable excuse for its delay in waiting until after Mr. Favetta passed away and then wait another year to challenge his inventor status on the Patents. To the extent Plaintiff places blame on Rosse's/Slattery's lack of access to Nabulsi's files, those files contain nothing that could change the conception facts that preceded Nabulsi's retention by Mr. Favetta. Moreover, any attempt to argue that the decision to name Mr. Favetta a co-inventor was deceitful or fraudulent would be tantamount to arguing the Patents are unenforceable for inequitable conduct, which Rosse and Slattery are estopped from arguing under the doctrine of assignor estoppel. *See* Shamrock Techs., Inc. v. Medical Sterilization, Inc., 903 F.2d 789, 795 (Fed. Cir. 1990) (assignor estoppel bars inequitable conduct based on misnaming an inventor).

For the foregoing reasons, Defendants request that this Court grant it leave to brief the aforementioned grounds for dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2) and (b)(6), and for such other further relief the Court deems just and proper.

    Respectfully submitted,

    Joseph Farco
    Norris McLaughlin, P.A.